UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| MICHELLE D., | |
|---|---|
| Plaintiff, | CASE NO. C18-5890-MAT |
| v. | |
| ANDREW M. SAUL, Commissioner of Social Security,[1] | ORDER RE: SOCIAL SECURITY DISABILITY APPEAL |
| Defendant. | |

Plaintiff proceeds through counsel in her appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied Plaintiff's application for Supplemental Security Income (SSI) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, this matter is REVERSED and REMANDED for further administrative proceedings.

## **FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1969.[2] She has a high school diploma, and has worked as a

---

[1] Andrew M. Saul is now the Commissioner of the Social Security Administration. Pursuant to Federal Rule of Civil Procedure 25(d), Andrew M. Saul is substituted for Nancy A. Berryhill as defendant in this suit.

[2] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 1

medical biller, in-home caregiver, manufacturing laborer, and auto supply parts driver. (AR 306, 335.)

Plaintiff protectively applied for SSI in September 2015. (AR 180, 283-89.) That application was denied and Plaintiff timely requested a hearing. (AR 211-19, 223-32.)

On July 20, 2017, ALJ Gerald Hill held a hearing, taking testimony from Plaintiff and a vocational expert (VE). (AR 109-54.) On December 29, 2017, the ALJ issued a decision finding Plaintiff not disabled. (AR 24-34.) Plaintiff timely appealed. The Appeals Council denied Plaintiff's request for review on September 21, 2018 (AR 1-6), making the ALJ's decision the final decision of the Commissioner. Plaintiff appealed this final decision of the Commissioner to this Court.

## **JURISDICTION**

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## **DISCUSSION**

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must be determined whether the claimant is gainfully employed. The ALJ found Plaintiff had not engaged in substantial gainful activity since September 29, 2015, the application date. (AR 27.) At step two, it must be determined whether a claimant suffers from a severe impairment. The ALJ found severe Plaintiff's major depressive disorder, obesity, and genetic disorder with findings most consistent with myotonia congenita. (*Id*.) Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found that Plaintiff's impairments did not meet or equal the criteria of a listed impairment. (AR 27-28.)

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 2

residual functional capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to perform past relevant work. The ALJ found Plaintiff capable of performing sedentary work, with additional limitations: she cannot climb ladders, ropes, or scaffolds. She can occasionally balance, stoop, kneel, crouch, crawl, and climb ramps and stairs. She can perform work that does not expose her to extreme temperatures, humidity, or hazards. She can perform simple repetitive tasks. She can tolerate occasional superficial contact with co-workers. She can perform work that does not require contact with the public. She can tolerate few workplace changes. (AR 28.) With that assessment, the ALJ found Plaintiff unable to perform past relevant work as a telemarketer. (AR 32-33.)

If a claimant demonstrates an inability to perform past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy. With the assistance of the VE, the ALJ found Plaintiff capable of transitioning to other representative occupations, such as bench hand, table worker, and masker. (AR 33-34.)

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues the ALJ erred in (1) assessing the opinion of examining physician Beth Liu,

M.D.; (2) discounting her subjective symptom testimony; and (3) failing to incorporate all of the restrictions in the RFC assessment contained in the prior ALJ decision. The Commissioner argues that the ALJ's decision is supported by substantial evidence and should be affirmed.

## Dr. Liu's opinion

RFC is the most a claimant can do despite limitations and is assessed based on all relevant evidence in the record. 20 C.F.R. § 416.945(a)(1). An RFC must include all of the claimant's functional limitations supported by the record. *See Valentine v. Comm'r of Social Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009). An ALJ must explain why he or she rejected any medical opinion that conflicts with the RFC assessment. *See* Social Security Ruling 96-8p, 1996 WL 374184, at *7 (Jul. 2, 1996).

In this case, Dr. Liu examined Plaintiff in July 2016 and her medical source statement reads, in relevant part:

> [Plaintiff] is able to lift or carry up to 20 lbs occasionally. She is able to sit for 60 minutes at one time without interruption and up to 4 hours total in an 8 hour work day. And [s]he is able to stand for 30 minutes at one time without interruption and up to 1 hour[] total in an 8 hour work day because of feeling muscle pain and tightness. She is able to use her hands frequently for most hand activities except reaching overhead or others and pushing or pulling which she may perform occasionally. She is able to perform most postural activities occasionally. She may need to avoid climbing ladders or scaffolds because of muscle pain and feeling tightness to prevent her from unnecessary injury. Environmental limitations include unprotected heights and extreme heat.

(AR 708.) The ALJ summarized Dr. Liu's findings and found that

> Dr. Liu's opinion is consistent with the exertional struggles associated with the claimant's condition. However, Dr. Liu's opinion regarding the degree the claimant[] is limited in sitting, standing, and walking is not supported by the normal range of motion, normal ambulation, and full muscle strength seen during the consultative examination and elsewhere in the record. It is far more limiting than any other source opinion. As such, I give her opinion partial weight.

(AR 31-32.) Plaintiff argues that the ALJ's stated reason to discount the sitting/standing/walking limitations is confusing, because the ALJ states both that Dr. Liu's opinion is consistent with Plaintiff's condition and also inconsistent with the remainder of the record. Dkt. 12 at 8. This argument is not persuasive, because the ALJ explicitly found the *exertional* limitations opined by Dr. Liu to be consistent, but rejected the *sitting/standing/walking* limitations as inconsistent. There is no internal inconsistency in this portion of the ALJ's decision.

Plaintiff goes on to argue that the ALJ erred in failing to explain why he did not account for Dr. Liu's opinion regarding reaching. Dkt. 12 at 9. The parties disagree about the scope of Dr. Liu's reaching limitation. In her opening brief, Plaintiff described Dr. Liu as opining that she was limited to occasional reaching. Dkt. 12 at 9. In response, the Commissioner contended that Dr. Liu's opinion actually limits Plaintiff to occasional *overhead* reaching. Dkt. 16 at 8-9. In reply, Plaintiff quotes from Dr. Liu's opinion directly, where she opines that Plaintiff is capable of "reaching overhead or others and pushing or pulling which she may perform occasionally." Dkt. 17 at 4 (quoting AR 708). Plaintiff construes "reaching overhead or others" to mean "reaching overhead or in all other directions." Dkt. 17 at 4.

The Commissioner concedes that the ALJ failed to provide any reason to discount Dr. Liu's opinion regarding overhead reaching, but argues that this error is harmless because none of the jobs identified at step five requires more than occasional overhead reaching, based on inferences from the Dictionary of Occupational Titles' job descriptions and common sense. Dkt. 16 at 9-10. If the Court was certain that Dr. Liu intended to restrict only Plaintiff's ability to reach overhead, the Commissioner's argument might be persuasive. But Dr. Liu's opinion references "reaching overhead or others[,]" and the context does not make clear the meaning of "or others." It may mean, as Plaintiff posits, that Dr. Liu intended to limit Plaintiff to occasional reaching in any

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 5

direction, but that reading depends on an unusual use of the phrase "or others." Because the extent of Dr. Liu's reaching limitation is ambiguous, the Court cannot "confidently conclude" that the ALJ's error in failing to explicitly address it is harmless. *See Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015).

The ambiguity in Dr. Liu's opinion indicates that the proper remedy for the ALJ's errors is a remand for further proceedings, rather than for a finding of disability. *See Treichler v. Comm'r of Social Sec. Admin.*, 775 F.3d 1090, 1105 (9th Cir. 2014). On remand, the ALJ should clarify the weight given to Dr. Liu's opinion regarding reaching, pushing, and pulling, and further develop the record by recontacting Dr. Liu to seek clarification of her opinion if necessary.

### Prior RFC assessment

Plaintiff argues that the RFC assessment contained in the prior ALJ decision was entitled to some *res judicata* consideration by the current ALJ. Dkt. 12 at 11. Specifically, Plaintiff contends that this ALJ should have included in the RFC assessment (as did the prior ALJ) that Plaintiff can "'lift ten pounds at a time and occasionally lift small items or small tools.'" Dkt. 12 at 11 (quoting AR 162). The Commissioner argues that this restriction is unnecessary, because it is included in the definition of sedentary work, which the ALJ found Plaintiff could perform. Dkt. 16 at 11 (citing 20 C.F.R. § 416.967(a) (defining sedentary work to involve "lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools")). The Court agrees with the Commissioner that there is no inconsistency between the two RFC assessments on this point, and thus the Court rejects this assignment of error.

### Subjective symptom testimony

The ALJ discounted Plaintiff's testimony because (1) "benign" clinical findings contradict her allegation of disabling impairments; and (2) Plaintiff's myotonia congenita has been

longstanding, but has not prevented her from working in the past or completing many daily activities. (AR 30-31.) Plaintiff argues that these reasons are not clear and convincing, as required in the Ninth Circuit. *Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).

Plaintiff argues that the ALJ's first reason is an insufficient basis on its own to discount her testimony. Dkt. 12 at 5-6. But even if that is true, Plaintiff's opening brief failed to explain why the ALJ's additional reasons regarding Plaintiff's work history and daily activities were insufficient, which suggests any error is harmless. *See Carmickle v. Comm'r of Social Sec. Admin.*, 533 F.3d 1155, 1162-63 (9th Cir. 2008). Because this case must be remanded on other grounds, however, the ALJ should reconsider the assessment of Plaintiff's testimony on remand, if necessary.

## **CONCLUSION**

For the reasons set forth above, this matter is REVERSED and REMANDED for further administrative proceedings.

DATED this 27th day of June, 2019.

Mary Alice Theiler
United States Magistrate Judge